JOHN C. KEBABIAN *vs.* ADAMS EXPRESS CO. *et al.*

FEBRUARY 20, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Replevin. Pleading.*

A defendant in replevin can not set up title in a third person unless he connects his possession with such person's title and shows a right thereto acquired from the owner, and thus establishes a paramount right to that of the plaintiff justifying either the taking or detention of the property.

REPLEVIN. Heard on exceptions of plaintiff, after direction of verdict for defendant in Superior Court. Exceptions overruled.

DOUGLAS, C. J. This is an action of replevin, brought by one John C. Kebabian, of the city of New Haven, in the State of Connecticut, against the Adams Express Company, described as a joint stock company under the laws of the State of New York, and Albert Fournier, of the city of Norwich, in said State of Connecticut.

The property which is the subject of this suit consists of hotel linen, bedding, towels, etc., and was replevied from the office of said Adams Express Company at the village of Watch Hill, in the town of Westerly, in this State.

The writ was answered by both defendants, who jointly pleaded *non cepit,* and separately the following special pleas.

The defendant Fournier pleaded a detention at Norwich, in Connecticut, denied a taking or detention at Westerly, and avowed and justified his detention of the goods at Norwich under a claim of a lien for work and labor performed upon them.

The express company pleaded: First, property in Fournier under a lien for services; secondly, special property and right of possession in itself for its claim as carrier from Norwich to Westerly.

The case came to the Superior Court for the county of Washington, upon the plaintiff's claim of a jury trial, from the District Court of the Third Judicial District, after a decision in that court in favor of the defendants. The case was heard in part before Mr. Justice Baker and a jury at a session of the Superior Court held at Westerly on the fifth day of November 1905. Upon the defendants' motion a nonsuit was granted by the presiding justice, and the plaintiff took his exception to this court. The plaintiff's exceptions were sustained by this court in a decision handed down May 23, 1906 (27 R. I. 564), and the case was remanded to the Superior Court for a new trial.

The case was again heard before Mr. Presiding Justice Sweetland and a jury in the Superior Court at South Kingstown, on the 12th of November, 1906. All the testimony was upon depositions, and upon the conclusion of the plaintiff's case the defendant Albert Fournier moved for a nonsuit as to him, on the ground that at the time the writ was served he was not in possession or control of the goods or detaining them in any way, and was not, therefore, a proper party defendant. The motion was granted, and the plaintiff reserved his exception.

Evidence was then introduced on behalf of the express company, showing that they had carried the goods from Norwich to Westerly on request of Fournier, who had been directed by the plaintiff to send them by the express company, and that their charges were unpaid.

At the conclusion of the whole evidence the court directed a verdict for the defendant, to which the plaintiff excepted and brings his bill of exception to this court.

The evidence introduced on behalf of the plaintiff did not connect the defendant Fournier with the taking or detention of the goods at Westerly, and his motion for a nonsuit was properly granted. This left in the case the express company with its plea of *non cepit* and its two special pleas. The first special plea was defective in that it simply set up title in Fournier, but did not allege that the express company held as his agent.

A defendant in replevin can not set up title in a third person unless he connects his possession with such person's title and shows a right thereto acquired from the owner and thus establishes a paramount right to that of the plaintiff justifying either the taking or detention of the property. 5 Wait Ac. & Def. 489, and cases cited.

Evidence was then introduced on behalf of the express company, amongst which was a letter from the plaintiff directing the defendant Fournier to send the goods by Adams Express Company. This supported the express company's second special plea and justified the direction of a verdict in its favor sustaining its lien as a carrier for its own charges. *Vaughan* v. *Prov. & Wor. R. R. Co.*, 13 R. I. 580.

The verdict entered was incorrect in form, finding the defendant not guilty, assessing ten cents damages, and directing a return of the goods. It should have directly decided the issue raised by the special plea. It is, however, substantially right, and the court can correct the formal error in entering the judgment.

The exceptions are overruled, and the cause is remanded to the Superior Court with direction to enter judgment for the defendant Fournier as of nonsuit; and for the defendant the Adams Express Company, that it is entitled to a lien upon the goods for $4.70, and that the same be returned and restored to said company to be held as security for its said lien, and that said company recover ten cents damages and costs.

*John W. Sweeney*, for plaintiff.

*Harry B. Agard*, for defendants.